CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 19 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LEO R. MADDOX, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:18cv00140 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| STATE OF DELAWARE, ) | Chief United States District Judge |
| et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION

Proceeding pro se, plaintiff Leo R. Maddox filed the instant Complaint (the "Complaint" or "Compl."), ECF No. 2. In the accompanying order entered with this memorandum opinion, the court will grant Maddox leave to proceed in forma pauperis due to his indigence. After reviewing the Complaint, the court concludes that the action must be dismissed for lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1)–(2).

Under 28 U.S.C. § 1915, district courts have a duty to screen initial filings and dismiss a complaint filed in forma pauperis "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (internal quotations omitted) ("[Section] 1915 permits district courts to independently assess the merits of in forma pauperis complaints, and to exclude suits that have no arguable basis in law or fact.").

The court construes pro se complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(quoting Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

This is not the first time that Maddox has raised nearly identical claims in front of this court.[1] See Complaint, Maddox v. Brown (W.D. Va. 5:17-cv-00010), ECF No. 2; Complaint, Maddox v. Brown (Maddox II) (W.D. Va. 5:17-cv-00055), ECF No. 2. In the Report and Recommendation in Maddox II, the magistrate judge wrote:

> It is worth noting at the outset that Maddox's filings are "so riddled with various grammatical and syntactical errors," Cadmus v. Williamson, No. 5:15cv45, 2016 WL 1047087, at *11 (W.D. Va. Mar. 10, 2016), and contain so many conclusory, often unintelligible statements that it is almost impossible "to determine precisely the nature of the complaint and the relief requested" against each named defendant, Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). Those "errors are only compounded by [his] 'kitchen sink' approach to pleading and his failure to make clear what specific conduct and parties are encompassed in each count."[2] Cadmus, 2016 WL 1047087, at *11. What is very clear, however, is that Maddox is convinced he was not legally a "felon" when Delaware charged him with the firearms offenses and he believes that the Defendants "conspired" to arrest, prosecute, and convict him on those "false" or "fraudulent" charges in violation of a whole host of his federal constitutional rights.

R&R ("Maddox II R&R") at 3–4, Maddox II, ECF No. 42 (alterations and footnote in original) (docket citations omitted). The same situation fully applies to this Complaint.

Maddox names the State of Delaware, the Dover Police Department (the "DPD"), and the Law Firm of Patrick J. Collins ("Collins Law" and collectively "Defendants"). As far as the court can gather, Maddox raises myriad claims against Defendants, including claims

---

1 Pursuant to 28 U.S.C. § 1915, the court has also recently dismissed one other, unrelated pro se complaint filed by Maddox. See Order, Maddox v. CitiFinancial Mortg. Co., 5:18-cv-00041 (W.D. Va. Mar. 29, 2018), ECF No. 4.
2 In fact, Maddox's allegations are not broken out into separate claims or counts at all. Fed. R. Civ. P. 8(d), 10(b).

arising out of the Fifth and Fourteenth Amendments to the U.S. Constitution, 42 U.S.C. § 1983, Titles VI and VII of the Civil Rights Act of 1964, federal antitrust and RICO statutes, and the Securities Act of 1933.

The Complaint fails to establish jurisdiction over any of the defendants, mandating dismissal. The Eleventh Amendment divests the court of jurisdiction to hear the claims against the State of Delaware. See U.S. Const. amend. XI; Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). Because federal courts lack jurisdiction to hear cases against the State of Delaware, the court will dismiss the claims against the State of Delaware with prejudice.

Nor does Maddox plead facts sufficient to establish personal jurisdiction over the DPD or Collins. A court may only exercise personal jurisdiction over a nonresident defendant if "(1) the exercise of jurisdiction [is] authorized under the state's long-arm statute; and (2) the exercise of jurisdiction comport[s] with the due process requirements of the Fourteenth Amendment." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., 334 F.3d 390, 396 (4th Cir. 2003). The Virginia long-arm statute "extend[s] jurisdiction to the extent permissible under the due process clause." English & Smith v. Metzger, 901 F.2d 36, 38 (4th Cir. 1990).

> As the Report & Recommendation in Maddox II aptly stated:
>
> The Supreme Court has "recognized two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." Bristol-Myers Squibb Co. v. Supr. Ct. of Cal., San Francisco Cty., 137 S. Ct. 1773, 1779–80 (2017) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." Id. at 1780. General personal jurisdiction lies when the defendant has purposefully established "continuous and systematic" contact with the forum state, Goodyear, 564 U.S. at 919, such as when an individual lives or resides there,

3

> Bristol-Myers Squibb, 137 S. Ct. at 1780. See J. McIntyre Mach., Ltd. v.
> Nicastro, 564 U.S. 873, 880 (2011). "Specific jurisdiction is very different."
> Bristol-Myers Squibb, 137 S. Ct. at 1780. For a court to "exercise specific
> jurisdiction, the suit must arise out of or relate to the defendant's contacts
> with the forum." Id. (cleaned up). Put differently, "there must be 'an affiliation
> between the forum and the underlying controversy, principally, [an] activity or
> an occurrence that takes place in the forum State.'" Id. at 1781 (quoting
> Goodyear, 564 U.S. at 919).

Maddox II R&R 20.

Under the same facts as Maddox proffered in Maddox II, the court held that it could not exercise personal jurisdiction over Patrick J. Collins (the attorney who represented Maddox in the underlying Delaware criminal action and presumably the principal of Collins Law) and several officers of the DPD. Id. at 20–21. Even construing the Complaint liberally, as the court must, the Complaint alleges no facts suggesting that Collins Law or the DPD has purposely established "continuous and systematic" contact with Virginia, or that any of Collins Law's or the DPD's purported wrongful acts arose out of their contacts with Virginia. To the contrary, Maddox fails to plead that either Collins Law or the DPD ever have had any contacts with Virginia.

The lack of personal jurisdiction "is obvious from the face of the complaint and no further factual record is required to be developed." Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting Fratus v. Deland, 49 F.3d 673, 674–75 (10th Cir. 1995)). As such, the court finds that it cannot exercise personal jurisdiction over Collins Law and the DPD, and the court must dismiss the claims against them pursuant to 28 U.S.C. § 1915. See id. (allowing dismissal under 28 U.S.C. § 1915 when it is clear from the face of the complaint that there is no personal jurisdiction); Ingram v. Assocs. Fin. Servs. Co. of Ky., 67 F.3d 295, 1995 WL 559601, at *1 (4th Cir. 1995) (per curiam) (affirming dismissal under 28 U.S.C.

§ 1915 for lack of personal jurisdiction). The court will dismiss the claims against Collins Law and the DPD without prejudice, however, so that Maddox may refile them in the United States District Court for the District of Delaware.

Maddox also appears to seek relief under Federal Rule of Civil Procedure 60(a).[3] Compl. 2. Rule 60(a) authorizes a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Maddox's request for Rule 60(a) relief must be denied because he fails to (1) reference the judgment, order, or other part of the record from this court that he believes contains a clerical error; and (2) identify the "mechanical adjustment[] . . . , such as correcting transcription errors and miscalculations," that he wishes the court to perform. Sartin v. McNair Law Firm PA, 756 F.3d 259, 265 (4th Cir. 2014).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: November 19, 2018

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge

---

[3] Maddox asks for relief "under Rule 60(b)(a)." Compl. 2. That subsection does not appear in Rule 60. Maddox then references "Corrections based on Clerical Mistakes, Oversights, and Omissions found in a Judgement [sic] Order or other part of the Records," which clearly references Rule 60(a).

5